UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X

ISLAND DESIGN & LANDSCAPING INC.,

                             Plaintiff,                      Civil Action No.

               - against -                  **COMPLAINT**

THE VILLAGE OF FREEPORT, JCB & SONS, INC. d/b/a
NON-STOP TOWING & RECOVERY a/k/a NON-STOP        **Jury Trial Demanded**
TOWING a/k/a NON-STOP TOWING AND RECOVERY,
JEROME BONOMO, individually, Freeport Police Chief
MICHAEL SMITH, individually, and Officer
RICHARD SAMUEL, individually,

                             Defendants.
-----------------------------------------------------------------------X

       Plaintiff Island Design & Landscaping Inc., by its attorneys, brings this Complaint

against Defendants the Village of Freeport ("Freeport"), JCB & Sons, Inc. d/b/a Non-Stop

Towing & Recovery a/k/a Non-Stop Towing a/k/a Non-Stop Towing and Recovery ("Non-

Stop"), Jerome Bonomo ("Bonomo"), Freeport Police Chief Michael Smith, individually, and

Officer Richard Samuel, individually, and alleges as follows:


### NATURE OF THIS ACTION

       1.     Plaintiff Island Design & Landscaping Inc. ("Island Design") brings this action

seeking a declaratory judgment, compensatory and punitive damages, costs, and attorneys' fees

pursuant to 42 U.S.C. §§ 1983 and 1988 as redress for the deprivation of its rights secured by the

Fourth, Fifth, and Fourteenth Amendments to the United States Constitution.

2.     Plaintiff brings this action to address a practice maintained by the defendants, wherein the defendants make warrantless seizures of motor vehicles for the sole purpose of extracting monies from the owners of such vehicles, while affording such vehicle owners no opportunity to challenge the initial seizures of their vehicles, nor the defendants continued retention of such vehicles.

3.     The defendants seize motor vehicles without warrants, or any exceptions to the warrant requirement, and then refuse to release such vehicles unless and until the vehicle owners pay the defendants whatever sums of money they may see fit to demand.

4.     In doing so, the defendants afford the vehicle owners no pre-seizure notice, pre-seizure hearing, or post-seizure hearing at which to challenge: (a) the warrantless seizure of their vehicles, (b) the defendant's right to retain them on a continuing basis, or (c) the amounts of monies being demanded by the defendants as a condition precedent to the release of their vehicles.

5.     As is clearly established law, and well known to the defendants, their actions and practices violate vehicle owners' rights under the 4th and 14th Amendments to the United States Constitution.

6.     Consistent with the Village of Freeport's policies, practices, and procedures in making such warrantless seizures, and acting under a directive he received from Defendant Michael Smith, Defendant Richard Samuel pulled over a driver/employee of Island Design who was driving a work truck which was owned by Island Design, and defendant Samuel advised the employee that he was seizing Island Design's work truck "for a suspended registration."

7.      Unbeknownst to Island Design, the New York State Department of Motor Vehicles had erroneously suspended the work truck's registration, due to a mistaken belief that Island Design had failed to pay the State of New York Highway Use taxes.

8.      Contrary to that erroneous assumption, Island Design had timely paid such taxes, and the NYS DMV eventually corrected its error, but not before the defendants herein seized the plaintiff's work truck.

9.      Thereafter, the defendants refused to release the plaintiff's work truck unless and until the plaintiff paid the defendants monies in amounts unilaterally demanded by the defendants.

10.     Since its work truck was critical for the operation of its business, Island Design paid substantial monies to the defendants to secure the release of its truck while still losing two days' work with the Vehicle.

11.     At no time before, or after, the warrantless seizure was Island Design afforded any hearing at which to challenge Freeport's warrantless seizure of its Vehicle or Freeport's continued retention of its Vehicle through Non-Stop.

12.     In fact, the defendants have no procedure for affording a hearing to persons who are deprived of their interests in vehicles that are seized by Freeport and Non-Stop (on Freeport's behalf), and then detained to leverage payment of fees to Freeport and Non-Stop.

13.     Freeport and Non-Stop's failure to have such a procedure ensures that there is an unreasonable seizure and a denial of due process every time Freeport and Non-Stop seize a vehicle, impose a lien, detain a vehicle, and demand money and other things of value be given to them as a condition for release of a vehicle.

## JURISDICTION AND VENUE

14.     Plaintiff brings this civil rights action pursuant to 42 U.S.C. §1983 and §1988 for deprivation of Plaintiff's rights secured by the Fourth and Fourteenth Amendments to the United States Constitution.

15.     Jurisdiction is conferred on this Court by 28 U.S.C. §§1343(a)(3) and 1343(a)(4), which provide for original jurisdiction in the Court for all suits brought pursuant to 42 U.S.C.§1983.

16.     Jurisdiction is conferred on this Court by 28 U.S.C. §1331 because the cause of action arises under the Constitution and laws of the United States.

17.     Venue lies in the Court pursuant to 28 U.S.C. §1391.


## THE PARTIES

18.     The Plaintiff, Island Design & Landscaping Inc. ("Island Design"), is a corporation duly organized under the laws of the State of New York, with a principal place of business situated at 482 Deer Park Avenue, Dix Hills, NY 11746. At all times described herein, Island Design is, and was, the owner of a 1991 International 4900 commercial work truck bearing Vehicle Identification (VIN) Number 1HTSDZ7N6MH344851 (hereinafter "the Vehicle"), which was unlawfully seized and unlawfully detained by Freeport and Non-Stop.

19.     Upon information and belief, Freeport is a municipal corporation organized under the laws of the State of New York, with a principal place of business situated at 40 N. Ocean Avenue, Freeport, New York 11520.

20.     Upon information and belief, Defendant Non-Stop Towing & Recovery ("Non-Stop") is an assumed name for JCB & Sons, Inc., which, upon information and belief, is a domestic corporation organized and existing under the laws of the State of New York and operating as a business engaged in the towing and storage of motor vehicles, with a principal place of business located at 99 Maple Place, Freeport, New York 11520. Upon further information and belief, Non-Stop maintains other locations in the Village of Freeport.

21.     Upon information and belief, Defendant Jerome Bonomo is an individual residing at 3450 Parkway Drive, Baldwin, New York 11510, and is the CEO and owner of Defendant Non-Stop. As such, Defendant Bonomo is the person responsible for setting policies and practices of Non-Stop.

22.     Upon information and belief, Defendant Michael Smith is an individual employed as the Chief of the Freeport Police Department, with an actual place of employment situated at 40 N. Ocean Avenue, Freeport, NY 11520.

23.     Upon information and belief, Defendant Officer Richard Samuel is an individual employed as a police officer of the Freeport Police Department, with an actual place of employment situated at 40 N. Ocean Avenue, Freeport, NY 11520.

## FACTS COMMON TO ALL COUNTS

### Freeport's Suspended Registration Seizure Program

24. At all times described herein, the Incorporated Village of Freeport maintained a Village Police Department and employed Police Officers within such Department.

25. At all times described herein, under the direction and control of Defendant Michael Smith, the Chief of the Freeport Police Department, Freeport and its Police Department have implemented, maintained, and continue to maintain a "suspended registration" seizure policy, which is set forth under Freeport Police Department Written order 21F.

26. Under this written policy, practice, and procedure, as supervised, directed, and enforced by Defendant Michael Smith, the Freeport Police Department uses license plate readers to read the license plates of virtually all motor vehicles that enter and/or exit the Village of Freeport, in an effort to locate any vehicles which have a suspended registration.

27. As directed by Defendant Michael Smith, when a vehicle with a suspended registration is identified, all Freeport Police officers are directed to make a warrantless seizure of such vehicles by (a) pulling them over, (b) ordering the driver who was operating the vehicle to exit the vehicle, (c) seizing the license plates from such vehicle, and (d) placing a call to have Defendants Non-Stop Towing and Recovery and/or Jerome Bonomo take physical possession of the vehicle, and to tow it away to their place of business.

28. Under this policy, practice, and procedure, as directed, supervised, and controlled by Defendant Michael Smith, the Freeport Police Officers are directed to make such seizures without a warrant, without any exception to the warrant requirement, without any reason for seizing the vehicle other than the fact that its registration was suspended.

29.     Under this policy, practice, and procedure, as directed, supervised, and controlled by Defendant Michael Smith, the owners of such vehicles are not afforded any pre-seizure notice or pre-seizure hearing at which to challenge the warrantless seizure of their motor vehicles.

30.     Under this policy, practice, and procedure, as directed, supervised, and controlled by Defendant Michael Smith, the owners of such vehicles are not afforded any post-seizure hearing at which to challenge either (a) the warrantless seizure of their motor vehicles, (b) the Village's right to retain continuing possession of the seized vehicle unless and until the owner pays whatever sums the defendants demand as a pre-condition to the release of such seized vehicles or the amounts demanded by the defendants.

31.     Under this policy, practice, and procedure, as directed, supervised, and controlled by Defendant Michael Smith, there is no requirement that the vehicle owner has received any traffic summons from the Village of Freeport or has failed to pay the same, before Freeport police officers are directed to seize a vehicle.

32.     Under this policy, practice, and procedure, as directed, supervised, and controlled by Defendant Michael Smith, the sole purpose of these policies, practices, and procedures is to extract monies from the owners of such seized vehicles, both through kickbacks that the Village of Freeport received from Defendants Non-Stop Towing and Bonomo, and to coerce them to pay whatever unpaid sums they may owe to Freeport for tickets if any exist.

33.     In addition, Freeport empowers Defendants Non-Stop and Bonomo to impose illegal *ex parte* liens against seized vehicles without any pre-seizure or post-seizure hearing at which the vehicle owners are afforded an opportunity to challenge Non-Stop's unlawful detention of such vehicles, its alleged attachment of *ex parte* liens against same, and its refusal to release such vehicles unless their owners pay them towing charges and storage charges.

## Defendants Seized and Detained the Vehicle

34.     In accordance with Freeport's policy, practices, and procedures, Officer Richard Samuel was on patrol on or about November 2, 2023.

35.     At the same time, an employee of Island Design was driving a work truck owned by Island Design. While driving, Island Design's employee was stopped by defendant Officer Richard Samuel, who told the employee to exit the Vehicle and informed them that he would have to seize the Vehicle because its registration was suspended due to allegedly unpaid Highway Use (HUT) Taxes.

36.     Freeport, through Defendant Richard Samuel, seized the Vehicle and transferred possession of the work truck to Defendant Non-Stop, directing Non-Stop to tow and detain the vehicle.

37.     Upon information and belief, on or about November 2, 2023, Non-Stop was an active regular contract agent towing and detaining vehicles at the direction of Freeport Police officers.

38.     Upon seizing the Vehicle, Freeport directed Non-Stop to detain the Subject Vehicle.

39.     At all relevant times described herein, Island Design was the Vehicle's owner, as evidenced by the title issued by the New York State Department of Motor Vehicles in its name as the owner.

**Freeport and Non-Stop Imposed *Ex Parte* Liens on the Vehicle**

40. Freeport and Non-Stop demanded payment of various sums of money and other things of value as a condition precedent for the release of the plaintiff's vehicle, and to continue to deprive the plaintiff of the use and possession of its Vehicle on a continuing basis, as a means of enforcing their demands that the plaintiff pay the sums them unilaterally demanded.

41. Freeport and Non-Stop did not, and would not, release the Vehicle until Island Design paid the fees.

42. Freeport and Non-Stop's demand for money in exchange for possession of the Vehicle was tantamount to asserting a *de facto* possessory lien in the Vehicle superior to Island Design's ownership rights, the assertion and imposition of which constituted a deprivation without due process of law.

**Freeport and Non-Stop Detained Island Design's Property**

43. Freeport and Non-Stop worked in concert to detain the Vehicle by imposing a series of conditions for release.

44. Freeport did not release the Vehicle to Island Design until Island paid the Village an Impound Fee.

45. Further, Freeport did not release the Vehicle to Island Design until Island Design paid all fees demanded by Non-Stop.

46. Freeport did not release the Vehicle to Island Design until Island Design executed a release of liability in favor of the defendants.

47. Non-Stop did not release the Vehicle to Island Design until Island Design first obtained permission from Freeport to recover the Vehicle.

48.     Non-Stop did not release the Vehicle to Island Design until Island Design paid all sums of money demanded by Non-Stop.

49.     Non-Stop did not release the Vehicle to Island Design until Island Design executed a release of liability and hold harmless agreement in favor of Non-Stop.

50.     Freeport and Non-Stop's initial towing and detention of the Vehicle constituted a meaningful interference with Island Design's possessory and ownership interests in the Vehicle, which seizure was effectuated without a warrant or valid exception to the warrant requirement.

51.     The initial reason for seizing the Vehicle expired on or before the date when Freeport and Non-Stop began demanding Island Design pay Non-Stop money and other things of value. By demanding Island Design pay Non-Stop in exchange for possession, Freeport and Non-Stop continued to meaningfully interfere with Island Design's possessory and ownership interests in the Vehicle without a warrant or valid exception to the warrant requirement.

52.     Both the initial seizure and the continued detention separately constituted unreasonable seizures of the Vehicle in violation of the United States and New York Constitutions.

### Non-Stop and Bonomo's Involvement

53.     During the aforementioned incidents, Jerome Bonomo was the individual in control of Non-Stop.

54.     Bonomo was the person responsible for creating and implementing Non-Stop's regular practices. Such regular practices include imposing an *ex parte* lien for towing and storage on a seized vehicle, refusing to allow an owner to recover a vehicle without a release from Freeport Police, and not having any process for allowing a hearing relative to Freeport and Non-Stop's detention of the vehicle.

55.     Non-Stop towed and possessed the Vehicle solely by virtue of its contract with Freeport. Non-Stop detained the Vehicle as a joint participant with Freeport and, therefore, acted under color of law when it seized and detained Island Design's property.

### Freeport and Non-Stop Have Failed to Institute a Procedure for Judicial Review

56.     Both before and after seizing the Vehicle, Freeport and Non-Stop failed to take action to secure judicial review of the seizure.

57.     Both before and after seizing the Vehicle, Freeport and Non-Stop failed to take action to secure judicial review of their continued retention of the Vehicle.

58.     Both before and after seizing the Vehicle, Freeport and Non-Stop failed to pursue judicial disposition within a reasonable amount of time.

59.     Prior to imposing a lien for charges against the Vehicle, Freeport and Non-Stop had not provided any hearing before an impartial decision-maker, with adequate notice, whereby Island Design could protect its interests in recovering the Vehicle and avoid storage charges accruing *in futuram*.

60.     What notice was provided by Freeport and/or Non-Stop, if any, was constitutionally inadequate for due process purposes.

### EACH OF THE DEFENDANTS IS A "PERSON" WHO ACTED UNDER COLOR OF STATE LAW

61.     While intentionally engaging in the improper and actionable conduct described herein, Defendants Michael Smith and Officer Richard Samuel were clothed with the authority of being officials and/or employees of Freeport.

62.     A defendant "acts under color of state law" when it exercises power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *West v. Atkins*, 487 U.S. 42, 49, 108 S. Ct. 2250, 2255 (1988) *quoting* (*United States v. Classic,* 313 U.S. 299, 326, 61 S.Ct. 1031, 1043 (1941).

63.     Defendants Michael Smith and Officer Richard Samuel were clothed with the authority of state law as they were, and they respectively held themselves out to be, the Chief of Police and a Freeport Police Officer.

64.     The wrongs committed by Defendants Michael Smith and Officer Richard Samuel, and the injuries sustained by Island Design as a result, were possible only because of the veils of local authority they possessed by their offices and positions with Freeport.

65.     In committing the wrongs described herein, Defendant Michael Smith held himself out to be acting in his official capacity as the Chief of the Freeport Police Department.

66.     In committing the wrongs described herein, Officer Richard Samuel held himself out to be acting in his official capacity as a Police Officer of the Freeport Police Department, and he was viewed as such by Island Design and its employee, who was ordered to exit the vehicle he had been driving.

67.     Accordingly, while committing the acts described herein, defendants Michael Smith and Officer Richard Samuel were persons acting under color of state law within the purview of 42 U.S.C. § 1983.

68.     Given the clearly established law, which has existed for more than twenty years, neither Defendant Michael Smith nor Defendant Richard Samuel could have reasonably believed that they could have seized the plaintiff's vehicle without a warrant or an exception to the warrant requirement.

69.     Given the clearly established law, which has existed for more than twenty years, neither Defendant Michael Smith nor Defendant Richard Samuel could have reasonably believed that they could then refuse to release the plaintiff's vehicle unless and until the plaintiff paid the defendants whatever amounts they unilaterally demanded the plaintiff pay, all while affording the plaintiff no opportunity to challenge: (a) their initial seizure of the plaintiff's vehicle, (b) their continued retention of same, or (c) their unilateral demand for payment, in the absence of which they would either continue to retain the vehicle or sell it.

70.     As such, Defendants Michael Smith and Officer Richard Samuel cannot avail themselves of qualified immunity as against the plaintiff's claims herein as a matter of law.

### THE VILLAGE OF FREEPORT IS A "PERSON" LIABLE TO PLAINTIFF UNDER 42 U.S.C. § 1983 BECAUSE THE DEFENDANTS' ACTIONS WERE UNDERTAKEN PURSUANT TO POLICY AND/OR CUSTOM

71.     At all relevant times mentioned herein, Defendant Freeport, pursuant to New York Village Law, created the policies under which the Village Code was to be applied and enforced.

72.     Pursuant to 42 U.S.C. §1983, a municipality may be held liable for constitutional violations committed by its employees where the policies or customs sanctioned by the municipality were "the moving force of the constitutional violation." *Everett v. Eastchester Police Dep't*, 69 N.Y.S.3d 95, 96–97 (2018) quoting (*Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 694, 98 S.Ct. 2018, 56 (2018)).

73.     Freeport is clothed with the authority to make official government policies and laws on its own behalf.

74.     As such, the wrongful actions of the Defendants herein with respect to the Vehicle represent Freeport's official governmental policy.

75.     At all relevant times mentioned herein, Defendant Michael Smith was the Police

Chief of the Freeport Village Police Department and, as such, was authorized to advise as to

Freeport's policies in connection with the seizure of the Vehicle.

76.     Because the actions of said defendant, as set forth above, constituted Freeport's

official policy, Freeport is a "person" liable for Defendants' wrongful actions within the purview

of 42 U.S.C. §1983.


## COUNT I

**Violation of Civil Rights Pursuant to title 42 U.S.C. §1983**
**(Deprivation of Property Without Due Process of Law and Deprivation by**
**Unreasonable Seizure in violation of the Fourteenth and Fourth**
**Amendments to the United States Constitution)**
**(Against All Defendants)**

77.     Plaintiff realleges and incorporates herein by reference each of the foregoing

allegations of the Complaint.

78.     Prior to the defendants' involvement with the Vehicle, Island Design held the

duly recorded ownership interest in the Vehicle.

79.     At all times relevant to this action, Island Design had the immediate right to take

possession of the Vehicle pursuant to its title to the car.

80.     The defendants acted under color of state law to deprive Island Design of a

valuable and protectable property interest, namely possession of the Vehicle, by seizing and

detaining the Vehicle without providing any form of notice or opportunity for a hearing whereby

Island Design could protect its interests.

81. The defendants acted under color of state law to deprive Island Design of its interests in the Vehicle by imposing a lien for various fees against the Vehicle and detaining the Vehicle while demanding compliance with numerous conditions without having provided notice to Island Design that they were imposing a lien that would supposedly supersede Island Design's interests and without having provided notice of an opportunity for a hearing whereby Island Design could protect its interests from such supposed lien.

82. The defendants acted jointly under color of state law to deprive Island Design of its interests in the Vehicle by refusing to release the Vehicle unless Island Design first presented Freeport and Non-Stop with a form (from Freeport Police) authorizing such release.

83. The defendants' action in using the police power to seize Island Design's property and then using such authority and state law to deprive Island Design of its property rights in the Vehicle without pre-deprivation or post-deprivation notice and the opportunity for a hearing, violates the Due Process requirement of the Fourteenth Amendment to the United States Constitution.

84. The defendants meaningfully interfered with Island Design's possessory and ownership interests in the Vehicle by seizing the Vehicle without securing a warrant and without invoking a valid exception to the warrant requirement.

85. The defendants' joint detention of the Vehicle without cause after the initial law enforcement purpose for the initial seizure ended violates the Fourth Amendment to the United States Constitution.

86. All of the defendants knew or should have known that it was unlawful and unconstitutional to detain a vehicle without a warrant or an exception to the warrant requirement after the law enforcement justification for the initial seizure ended.

87. All of the defendants knew or should have known that it was unconstitutional to create a lien for fees, including towing and storage fees, for the period of time that Freeport and Non-Stop were detaining the vehicle, where notice and the opportunity for a hearing upon the validity of such detention and lien had not been afforded to the persons with property interests in the Vehicle, *i.e.,* Island Design.

88. As a direct and proximate result of the defendants' violation of Island Design's right to be free from unreasonable seizures under the Fourth Amendment to the United States Constitution and its right to Due Process under the Fourteenth Amendment to the United States Constitution, Island Design has suffered damages based upon the lost use of the Vehicle, the lost value of the Vehicle, and other damages.

89. The defendants' refusal to release the Vehicle deprived Island Design of the use of the Vehicle.

90. The defendants' conduct in not seeking a prompt, impartial review of their detention of the Vehicle after the law enforcement justification for the initial seizure ended was consistent with and part of the standard procedure and policy utilized by Freeport and Non-Stop.

91. The conduct of the defendants in failing to pursue judicial disposition of the Vehicle promptly after the law enforcement justification for the initial seizure ended was consistent with and part of the standard procedure and policy utilized by Freeport and Non-Stop.

92. The conduct of Freeport and Non-Stop in charging various fees, including towing and storage fees, as a lien on the Vehicle beginning with the first day of seizure and continuing every day thereafter that Freeport and Non-Stop possessed the Vehicle is consistent with and part of the standard procedure and policy utilized by Freeport and Non-Stop.

93. The conduct of Freeport and Non-Stop in charging storage fees as a lien on the Vehicle on a daily basis from the day of seizure *in futuram* is consistent with and part of the standard procedure and policy utilized by Freeport and Non-Stop.

94. The conduct of Freeport and Non-Stop in refusing to release the Vehicle to Island Design unless Island Design paid various fees, including towing and storage fees, to Freeport and Non-Stop assessed without any opportunity for a hearing is consistent with and part of the standard procedure and policy utilized by Freeport and Non-Stop.

95. It is Freeport and Non-Stop's official policy to refuse a vehicle owner's request to recover possession of a vehicle seized by Freeport and Non-Stop at the request of Freeport Police unless the vehicle owner complies with all conditions unilaterally demanded by the defendants.

96. The official decisions, attributable to Non-Stop, were vested in a designated officer of Non-Stop (Bonomo) with actual and apparent exclusive authority over the Vehicle, whose decisions to act or not act directly caused the deprivations complained of by Island Design.

97. The practices of seizing, detaining, charging towing and storage fees at a daily rate, and holding out such charges as a lien, giving Freeport and Non-Stop the priority right of possession, are persistent, regular, and widespread. As such, they constitute custom and usage under Non-Stop's contract with Freeport, which results in such practices affecting dozens of vehicles yearly.

98. Freeport and Non-Stop do not maintain any procedural mechanism for providing hearings after seizure to parties holding interests in such seized vehicles; the denial of the opportunity for a hearing in the hundreds of tows contemplated in the Freeport and Non-Stop contract constitutes regular and persistent activity.

99.     The failure by official Freeport and Non-Stop policymakers to train or supervise subordinates properly regarding the process due in conjunction with the seizure, detention, and assertion of charges and liens against vehicles amounts to deliberate indifference to the rights of persons who have interests in vehicles that are seized, detained, subjected to charges and subjected to liens by Freeport and Non-Stop, as made clear by numerous controlling court decisions including:

> a. *Ally Financial v. All County Towing*, 162 AD3d 1371 (3rd Dept. 2018);
>
> b. *HVT v. All County Towing & Recovery*, 166 AD3d 14421(3rd Dept. 2018);
>
> c. *Ally Financial v. All County Towing & Recovery*, 166 AD3d 1142 (3rd Dept. 2018);
>
> d. *Santander Consumer USA, Inc. v. All County Towing*, 171 AD3d 1258 (3rd Dept. 2019);
>
> e. *Vault Trust v. All County Towing & Recovery*, 171 AD3d 1336 (3rd Dept. 2019);
>
> f. *Ally Financial v. All County Towing*, 174 AD3d 1071 (3rd Dept. 2019).

100.    But for Freeport and Non-Stop's deprivational policies, decisions, practices, and failures described above, Island Design would have had the right to recover and would have recovered the Vehicle without delay or with minimal delay by reason of measures that preserve legitimate governmental interests but are less intrusive than continued detention of the vehicle; without incurring liability for or loss due to towing and storage charges imposed *ex parte*; and without incurring liability for or loss due to further alleged storage charges continually accruing daily.

## Count II

### New York Constitution Article I, Sec. 6
### (Deprivation of Property Without Due Process of Law)
### Article I, Sec. 12
### (Deprivation by Unreasonable Seizure)
### (Against All Defendants)

101.    Plaintiff realleges and incorporates herein by reference each of the allegations set forth in the foregoing paragraphs of the Complaint.

102.    The Defendants' actions, as indicated, violate the corresponding protection of the New York State Constitution set forth in Article I, Sections 6 and 12 therein.

### COUNT III
### Declaratory Relief
### (Against All Defendants)

103.    Plaintiff realleges and incorporates herein by reference each of the allegations set forth in the foregoing paragraphs of the Complaint.

104.    An actual controversy has arisen and now exists between Island Design and the Defendants, warranting declaratory relief pursuant to 28 U.S.C. 2201.

105.    Island Design seeks a declaration that Due Process violations occurring by reason of Freeport and Non-Stop's improper seizure and detention of the Vehicle are chargeable to Freeport, Non-Stop, Bonomo, and Officer Richard Samuel, jointly and severally.

106.    Island Design seeks a declaration that the conduct of Freeport, Non-Stop, Bonomo, and Officer Richard Samuel, as described above, violates the United States and New York State Constitutions.

107.     Island Design seeks a declaration that New York State Vehicle and Traffic Law §1224 is unconstitutional, as applied, under the United States and New York State Constitutions to the extent that such statute is relied upon by the Defendants to justify their actions that form the basis of this Complaint.

108.     Island Design seeks a declaration that the Defendants are liable to Island Design pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for all damages and attorney's fees suffered and incurred by Island Design.


## COUNT IV
## NEW YORK STATE GENERAL OBLIGATIONS LAW (GBL) §349
## (Against Non-Stop and Bonomo)

109.     Plaintiff realleges and incorporates herein by reference each of the allegations set forth in the foregoing paragraphs of the Complaint.

110.     Non-Stop's requirement that the Vehicle be released only with a police release and hold harmless agreement and its action in detaining the Vehicle pending payment of fees not authorized by law constitute deceptive acts.

111.     Non-Stop seizes vehicles under a contract with Freeport, which empowers Non-Stop to impose its practices throughout a set geographic location, namely Freeport, which constitutes a practice having a broad impact upon consumers (all those in the geographic area).

112.     Non-Stop's actions complained of hereto are part of a regular and systematic practice controlled by Bonomo, the principal operator of Non-Stop.

113.     Non-Stop and Bonomo's actions constitute a deceptive act or practice in the conduct of any business, trade, or commerce or in furnishing any service in violation of NYS GBL § 349.

114.     Non-Stop and Bonomo have caused Island Design damages consisting of the value of Island Design's lost use of the Vehicle while it was impounded and detained. Non-Stop and Bonomo's actions warrant the recovery by Island Design of its attorneys' fees and warrant punitive damages as such conduct continues despite numerous Court decisions that condemn such conduct.

## PRAYERS FOR RELIEF

**WHEREFORE**, Plaintiff Island Design requests that this Court grant:

A.     a judgment in favor of Island Design on all causes of action asserted herein;

B.     a declaration that as a result of Defendants' violation of Island Design's rights, Freeport and Non-Stop had no right to detain the Vehicle;

C.     a declaration that as a result of Defendants' violation of Island Design's rights, all monetary charges asserted by Freeport and Non-Stop against the Vehicle are null and void;

D.     a declaration that New York State Vehicle and Traffic Law § 1224 is unconstitutional, as applied under the United States and New York State Constitutions to the extent that such statute is relied upon by Defendants to justify their actions that form the basis of this Complaint;

E.     a permanent injunction against Defendants prohibiting the above-described unconstitutional and deceptive practices;

F.     compensatory damages, consequential damages, costs, and attorneys' fees in favor of Island Design and against Freeport; and

G.     compensatory damages, consequential damages, punitive damages, statutory treble damages, costs, and attorneys' fees in favor of Island Design and against Non-Stop, Bonomo, Michael Smith, and Officer Richard Samuel, jointly and severally; and

H.     such other and different relief that the Court deems, in the exercise of its discretion, just and proper.

Dated: Merrick, NY
      March 14, 2024

CAMPANELLI & ASSOCIATES, P.C.


By: /s/ *Andrew J. Campanelli*
    Andrew J. Campanelli
    1757 Merrick Ave, Suite 204
    Merrick, NY 11566
    516-746-1600
    ajc@campanellipc.com
    *Counsel for Plaintiff*