**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
--------------------------------------------------------X

ISLAND DESIGN & LANDSCAPING INC.,

     *Plaintiff*,

                   **ORDER**

     -against-          2:24-cv-01897 (SJB)(JMW)


THE VILLAGE OF FREEPORT, JCB & SONS, INC.
D/B/A NON-STOP TOWING & RECOVERY
A/K/A NON-STOP TOWING A/K/A NON-STOP
TOWING AND RECOVERY, JEROME BONOMO,
INDIVIDUALLY, FREEPORT POLICE CHIEF
MICHAEL SMITH, individually, and Officer
RICHARD SAMUEL, individually,

        *Defendants*.
--------------------------------------------------------X

**WICKS,** Magistrate Judge:

   On March 3, 2025, the parties appeared for a Status Conference at which various outstanding discovery issues were raised and addressed. (*See* ECF No. 33.) Among the issues raised by Plaintiff was that it had not been served with Defendants' Rule 26(a)(1) disclosures as mandated by the Court in the Scheduling Order (ECF No. 17, at p. 2), and again by Electronic Order on January 6, 2025. In response, Counsel for Defendants adamantly represented that he had in fact served his Rule 26 disclosures upon Plaintiff back in September 2024. As such, the Court directed Counsel for Defendants to file an affidavit of service on ECF by close of business yesterday demonstrating that the Rule 26 disclosures were originally sent to Plaintiff in September of 2024 as represented to the Court during the conference. (*See* ECF No. 33.)

   Counsel for Defendants subsequently filed an affidavit stating he "served a Rule 26(a)(1) Initial Disclosure Statement on September 17, 2024, upon Plaintiff's counsel by depositing a copy

of same enclosed in a properly addressed wrapper, in an official depository under the care and custody of United States Postal Service." (ECF No. 34.) The affidavit is dated and sworn to on March 3, 2025. *Id.*

Courts have routinely held that 'an affidavit of service is sufficient evidence to raise the presumption [of receipt after proper mailing].'" *Trustees of the Gen. Bldg. Laborers' Local 66 Pension Fund v. J.M.R. Concrete Corp.*, No. 19-CV-1214 (RRM) (AKT), 2021 U.S. Dist. LEXIS 249192, at *25 (E.D.N.Y. 2021) (citing *In re Bernard L. Madoff Inv. Sec. LLC*, No. 13-CV-04332 (ALC), 2014 WL 1302660, at *4 (S.D.N.Y. Mar. 31, 2014)). In order to satisfy this presumption, courts, ordinarily, require that the affidavit of service be made contemporaneously to – that is at or around the time – when the supposed service of documents took place. *See e.g., In re PT-1 Commc'ns., Inc.*, 412 B.R. 85, 94 (Bankr. E.D.N.Y. Aug. 28, 2009) (concluding that the affidavit of service, which was prepared three days after the papers were served, "[was] sufficiently contemporaneous to the date of mailing, and is credible evidence" that the motion papers were actually served); *Dytch v. Bermudez*, No. 17-cv-02714-EMC, 2018 WL 3643702, at *2 (N.D. Cal. Aug. 1, 2018) ("Although Plaintiff correctly argues that a proof of service creates a presumption of proper service, such proofs of service are most often executed contemporaneously . . . ."); *Toffel v. Nationwide Mut. Ins. Co.*, No. 2:15-cv-01669, 2016 WL 4271837, at *13-14 (N.D. Ala. Aug. 15, 2016) (noting the circumstances were "far weaker than the normal case involving an executed return of service" considering the certificates of service were not filed "at or near the time of service" but were served far later than the date on which service was allegedly made).

Here, Counsel for Defendants did not submit an affidavit of service dated at or near the time in which the Rule 26 Disclosures were purportedly served upon Plaintiff, which raises a serious question as to whether this presumption of mailing was overcome. Indeed, Plaintiff denies ever receiving the Initial Disclosures which in fact prompted Plaintiff to file a motion to compel

on December 3, 2024 (ECF No. 24), renewed again on December 30, 2024. (ECF No. 26.)  In that motion, among other relief sought, Plaintiff asserted clearly that "Defendants have not served their Rule 26 Disclosures." (ECF No. 24 at p. 2.)  Defendants never opposed that motion and did not rebut or deny the claim that Rule 26 disclosures were never served.  The motion was then granted as unopposed by Electronic Order dated January 6, 2025, directing service of the Rule 26 disclosures.  Defendants did not seek reargument, reconsideration or modification of that Order

In light of the facts and circumstances set forth herein, Counsel for Defendants is directed to file, on or before **March 7, 2025** the affidavit of service that was prepared at or near the time that the Rule 26 disclosures were purportedly served, namely September 2024, as represented to the Court, or, if the affidavit does not exist, then some other satisfactory proof that the Rule 26 disclosures were in fact served at that time.

Dated: Central Islip, New York
      March 4, 2025

**SO ORDERED:**

/s/ *James M. Wicks*

JAMES M. WICKS
United States Magistrate Judge